UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-319-RJC

| | |
|---|---|
| AUSTIN AMOS BYRNSIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LOWELL GRIFFIN, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.  BACKGROUND**

The pro se Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred while he was a pretrial detainee at the Henderson County Detention Center (HCDC), where he is still incarcerated. He asserts claims under the Eighth and Fourteenth Amendments for "cruel and unusual punishment – denial of shower – denial of medical services – use of excessive force." [Doc. 1 at 3]. He names as Defendants in their official and individual capacities: Lowell Griffin, the Sheriff of Henderson County; and Dylan Rollins, Brandon Hemphill, and Cameron Burrell, jail guards at HCDC. [Id. at 2-3]. He describes his claims as follows:

> Sgt. Boyette turned my air off then shot pepper balls into my cell. Rollins, Hemphill, and Burrell ran into my cell slammed me on the floor and commenced to hitting me in my head, back and ribs. All the while I was not resisting. I did throw water on them when they initially entered. They used taser gloves on me multiple times while continuing to beat me while I was laying in pepper balls and water. They kept trying to ram my face into the concrete floor. After this I was roughly handled with hands cuffed behind back taken up front chained to bench. I asked to

> see medical several times. Was denied medical services for my several injuries. I was left cuffed to the bench for (7) hours without medical attention an only then allowed to shower to wash pepper spray off of my body.

[Id. at 5]. The Plaintiff alleges that Defendant Griffin has authorized a use of force policy "exceeding what is necessary." [Id. at 4].

The Plaintiff describes his injuries as follows:

> I received a big knot on my head and multiple welts that turned to bruises all over my back and ribs. I believe I received a concussion to my head because I've had severe headaches for a couple of weeks after this incident. I believe I should have been checked by a nurse or doctor or something. I was refused any medical treatment for my injuries.

[Id. at 5]. The Plaintiff seeks punitive damages and injunctive relief. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege

facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint refers to individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 5 (referring to "Sgt. Boyette")]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals who are not named as Defendants are, therefore, dismissed without prejudice.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence

3

"from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

A pretrial detainee states a Fourteenth Amendment claim for deliberate indifference to a serious risk of harm on the "purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate governmental purpose' or is 'excessive in relation to that purpose.'" Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)). That is, the plaintiff must show that the defendant's action or inaction was "objectively unreasonable." Id. (quoting Kingsley, 576 U.S. at 387). Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the condition at issue and consciously disregarded the risk that their action or failure to act would result in harm." Id.

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. However, under the deliberate indifference standard, it is not enough "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Construing the allegations liberally and drawing all reasonable inferences in favor of the Plaintiff for purposes of this initial review, his Fourteenth Amendment claims will be permitted to

4

proceed against Defendants Rollins, Hemphill, and Burrell in that they are not clearly frivolous.[1]

The Plaintiff also sues Sheriff Griffin and the jail guard Defendants in their official capacities for authorizing an unreasonable use of force policy at the HCDC. [Doc. 1 at 4]. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694).

Construing the allegations liberally and drawing all reasonable inferences in favor of the Plaintiff for purposes of this initial review, the Plaintiff's Monell claim will be permitted to proceed at this time in that it is not clearly frivolous.

## IV. CONCLUSION

In sum, the Complaint has passed initial review against Defendants Lowell Griffin, Dylan Rollins, Brandon Hemphill, and Cameron Burrell for violating the Fourteenth Amendment and on a municipal liability theory as described in this Order. The remaining claims are dismissed without prejudice.

**ORDER**

---

[1] The Plaintiff does not appear to allege that Sheriff Griffin was personally involved in the incidents at issue.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] passes initial review against Defendants Lowell Griffin, Dylan Rollins, Brandon Hemphill, and Cameron Burrell as described in this Order.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is respectfully instructed to mail four blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendants. Once the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED**.

Signed: February 2, 2024

Robert J. Conrad, Jr.
United States District Judge